UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT DORSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:04-CV-0472-B |
| | § | |
| PORTFOLIO EQUITIES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court are two Motions to Withdraw as Counsel for Defendants (doc.'s 74, 76).

Michael Bowers, T. Joshua R. Archer, Matthew Maguire, Jr., and Balch & Bingham, LLP

(hereinafter, collectively "Balch & Bingham") filed the first Motion for Withdrawal (doc. 74)

(hereinafter, the "Balch & Bingham Motion"), and Stephen M. Dollar, Oscar R. Rodriguez, and

Fulbright & Jaworski, LLP (hereinafter, collectively "Fulbright & Jaworski") filed the second Motion

for Withdrawal (doc. 76) (hereinafter, the "Fulbright & Jaworski Motion"). For the reasons that

follow, the Court **GRANTS** the Balch & Bingham Motion (doc. 74), and **DENIES** the Fulbright

& Jaworski Motion without prejudice (doc. 76).

## I. BACKGROUND

Plaintiff Robert Dorsey (hereinafter, "Plaintiff") initially filed suit in this Court on March 5,

2004. (Compl.) More than one year later, on August 24, 2005, Plaintiff amended his complaint,

naming Portfolio Equities, Incorporated, Charter Home Funding, Incorporated, Charter Asset

Management, Incorporated, Charter Equities Corporation, Harold P. Barnes, Jr., and James B.

Barnes as defendants (hereinafter, collectively "Defendants"). (Am. Compl.) Plaintiff's Amended

Complaint averred federal securities violations (*id.* at ¶¶ 48-55), Texas common law and statutory fraud (*id.* at ¶¶ 56-66), violations of Texas state securities laws (*id.* at ¶¶ 67-9), civil conspiracy (*id.* at ¶¶ 70-4), breach of fiduciary duty (*id.* at ¶¶ 75-8), and recovery on securities purchased (*id.* at ¶¶ 79-80).

On September 13, 2005, Defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). (Mot. to Dismiss Am. Compl.) The Court granted this motion on May 25, 2006, dismissing Plaintiff's claims.[1] (Mem. Order Grant Mot. To Dismiss.) Plaintiff subsequently appealed the dismissal of his claims to the United States Court of Appeals for the Fifth Circuit. (Ct. Appeal Op.) The Circuit Court affirmed in part and reversed in part, reinstating Plaintiff's state-law claims and remanding the case back to this Court. (*Id.*)

Upon the action's return to this Court, Balch & Bingham and Fulbright & Jaworski simultaneously filed unopposed Motions to Withdraw as Counsel for Defendants. (Balch & Bingham Motion; Fulbright & Jaworski Motion.) Both firms maintain that Defendants have failed to pay for their legal services throughout the progression of this litigation. (Balch & Bingham Motion; Fulbright & Jaworski Motion.) Counsel submitted evidence indicating Defendants owe $25,740.37 to Fulbright & Jaworski, (Dollar Aff. 3), and $2,514.00 to Balch & Bingham for unpaid legal services, (Archer Aff. 4). Defendants refused to consent to counsel's withdrawal. (*Id.* at 6.) Due to concerns over the effects of withdrawal on the present action, the Court called a status conference. (Order Setting Conference.)

---

[1] The Court did not initially dismiss Plaintiff's claim for recovery of the purchased securities, (Mem. Order Grant Mot. to Dismiss); however, after all of Plaintiff's other claims were dismissed, Plaintiff agreed to the dismissal of this final claim, (Order Grant Agreed Mot. to Dismiss).

Fulbright & Jaworski and Balch & Bingham appeared at the status conference to address the Court's concerns regarding their respective motions. Also in attendance was Robert Price (hereinafter, "Price"), additional counsel of record for Defendants in the case *sub judice*.[2] Arguing in support of their motions, Defendants' counsel informed the Court that they have prepared an answer to Plaintiff's Amended Complaint, and received Defendants' consent to file it. Moreover, Fulbright & Jaworski offered to help Defendants secure replacement local counsel. Finally, Price reassured the Court that he intends to carry this case through to its conclusion, even if Fulbright & Jaworski and Balch & Bingham are permitted to withdrawal. The Court has considered counsels' arguments and now turns to the merits of its decision.

## II. DISCUSSION

The attorney-client relationship is contractual in nature. *Cherokee Nation of Okla. v. United States*, 42 Fed. Cl. 15, 17 (1998) (quoting *Hammond v. T.J. Litle and Co., Inc.*, 809 F.Supp. 156, 159 (D.Mass. 1992)). Accordingly, when a lawyer agrees to represent a client, the lawyer is generally "expected to work through the completion of a case." *Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F.Supp. 33, 33 (S.D.Tex. 1993); *Streetman v. Lynaugh*, 674 F.Supp. 229, 234 (E.D.Tex. 1987). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *Intellipay, Inc.*, 828 F.Supp. at 33-4; *Streetman*, 674 F.Supp. at 234. Whether counsel may withdraw is a decision "entrusted to the sound discretion of the trial court ...." *In re Wynn*, 889 F.2d at 646. It is

---

[2]Plaintiff's counsel failed to appear at the scheduled conference time. After unsuccessfully attempting to reach Plaintiff's local counsel, the Court contacted Kirk Fredrickson, counsel of record officed in Oklahoma City, Oklahoma. Mr. Fredrickson then attended the conference via telephone.

thus left to this Court to decide whether Defendants' counsel has good cause for withdrawal and whether they have provided reasonable notice to Defendants.

The Fifth Circuit has recognized that counsel may have good cause to withdraw when a client "refuses to pay for services." *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN Chile)*, 76 F.3d 658, 663 (5th Cir. 1996). However, the inquiry cannot end upon a simple finding that a client is behind on the payment of his legal fees, because the existence of good cause "depends on the facts and circumstances of each case." *Id.* Therefore, in assessing whether counsel has good cause to resign, federal courts look to multiple factors. *See, e.g., Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981) ("it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel"); *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003). Premier among these factors are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice. *See Broughten*, 634 F.2d at 882; *Honda Power Equip. Mfg., Inc.*, 219 F.R.D. at 6.

The first factor the Court considers is whether withdrawal will unduly delay the present action's progression. Despite the fact that this case was initiated in 2004, it is arguably still in its infancy. *See Honda Power Equip. Mfg., Inc.*, 219 F.R.D. at 6. Indeed, an answer has yet to be filed in response to any of Plaintiff's revived state-law claims. At the conference, counsel indicated that they are prepared to file an answer so that the case may enter its next phase of progression. Given Price's prior involvement and familiarity with the case, he should be able to enter the next phase of litigation with minimal, if any, delay in the proceedings once the prepared answer is filed. For this reason, granting the Balch & Bingham and Fulbright & Jaworski Motions to Withdrawal would not, at first glance, unduly delay the prosecution of this action.

One point of significance to the Court, however, is the Local Rules' mandate requiring local counsel. *See* N.D. Tex. R. 83.10(a). The absence of local counsel can materially hamper the scheduled development of a case.[3] Fulbright & Jaworski recognized the importance of this requirement at the conference when they offered to assist Defendants in finding replacement local counsel. Accordingly, because the requirement of local counsel is important to the orderly progression of a case, the Fulbright & Jaworski Motion must be **DENIED**, as there is no other local counsel of record for Defendants. Once Fulbright & Jaworski have assisted in securing replacement local counsel for Defendants, they are free to renew their Motion to Withdraw.

The Court next considers whether withdrawal of counsel will prejudice Defendants. Price has assured the Court that he intends to carry this action through to its conclusion. Therefore, instead of being left without representation, Defendants are continuing with an attorney who has been involved with this case since its inception in 2004. Consequently, the Court is not persuaded that Defendants will suffer any prejudice if moving counsel is permitted to withdraw.

The Court further fails to believe that counsels' withdrawal will fail to serve the interests of justice. Despite not receiving payment, counsel have continued to serve Defendants by preparing an answer so that one may be filed within the deadline. Considering counsels' continued work in the absence of payment, it seems unjust to force them to continue to serve a defaulting client. "[A]n attorney should not be in a position where he or she has not been paid, and yet must continue to

---

[3]The delay potentially caused by a lack of local counsel was in fact exhibited at the conference on the motions presently before the Court. When Plaintiff's local counsel failed to appear, Court personnel were forced to track down Plaintiff's non-local counsel and conference him into the hearing via telephone. But for Plaintiff's last minute telephonic appearance, the Court would have been forced to delay the conference in order to prevent inappropriate *ex parte* communications.

work for the client at his or her own expense." *Honda Power Equipment Mfg., Inc.*, 219 F.R.D. at 6.

For the foregoing reasons, the Court finds that Balch & Bingham have made a showing of good cause for their withdrawal. Although Fulbright & Jaworski have provided evidence showing Defendants have failed to pay a significant amount for their legal services, the case is more likely to idle without the assistance of local counsel. Therefore, Fulbright & Jaworski have failed to satisfy the good cause standard until they have assisted Defendants in obtaining replacement local counsel.

Having concluded that Balch & Bingham have shown good cause, the Court must look to whether they have given notice of their desire to withdrawal to Defendants. *See In re Wynn*, 889 F.2d at 646. Balch & Bingham repeatedly requested Defendants to pay the balance of their legal expenses. Once it was clear Defendants would not be able to pay the balance due, Balch & Bingham sought to obtain Defendants' consent for withdrawal. It was only when all of these prior efforts proved fruitless that Balch & Bingham sought withdrawal. In light of Balch & Bingham's repeated correspondence with Defendants, the Court finds that Balch & Bingham provided adequate notice of their intent to withdraw as counsel. Accordingly, the Balch & Bingham Motion should be **GRANTED**.

In sum, the Court finds that Fulbright & Jaworski have failed to show good cause for withdrawal, and thus the Fulbright & Jaworski Motion (doc. 76) must be **DENIED**. Fulbright & Jaworski are directed to assist Price in filing the answer already prepared for this action and in locating replacement local counsel. Once these tasks are completed, they may re-file the present motion for the Court's consideration. The Court additionally finds that Balch & Bingham has shown good cause for their withdrawal and provided adequate notice to Defendants. Accordingly, the Balch & Bingham Motion (doc. 74) should be **GRANTED**.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Balch & Bingham Motion (doc. 74), and

**DENIES** the Fulbright & Jaworski Motion (doc. 76).

**SO ORDERED**.

**SIGNED September 29, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE